UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SPROUT MORTGAGE, LLC,

                                  Plaintiff,

            -against-

CONSOLIDATED ANALYTICS, INC.,

                                Defendant.
----------------------------------------------------------X

**ORDER**
21-cv-04415 (JMA) (JMW)

**WICKS,** Magistrate Judge:

      Federal district courts are duty-bound to examine whether federal subject matter jurisdiction exists in matters before them and, accordingly, must dismiss cases where the jurisdictional predicate is lacking.[1] This case -- a breach of contract/declaratory judgment action brought by a mortgage origination company against a mortgage services provider – was originally brought in state court, namely, the Supreme Court of Nassau County. Defendant timely removed by filing a Notice of Removal (DE 1). However, on the face of the Notice, a fundamental jurisdictional issue surfaced: although federal jurisdiction is premised upon diversity of citizenship (28 U.S.C. § 1332(a)), the Notice starkly concedes that "[t]he citizenship, domicile, and residency of Plaintiff's members are unknown to Defendant." (DE 1, at ¶¶ 2, 6). Plaintiff is an LLC. And it is well settled that citizenship of an LLC for diversity purposes is determined by its members.[2]

      On August 9, 2021, the Court ordered Plaintiff to file a letter identifying the members of the LLC and their residency to determine whether federal subject matter jurisdiction exists.

---

[1] Fed. R. Civ. P. 12(h)(3); *see also Chicot County Drainage Dist. V. Baxter State Bank,* 308 U.S. 371, 376-77 (1940).
[2] *Burlington Ins. Co. v. MC&O Masonry, Inc.,* 17 Civ. 2892, 2018 U.S. Dist. LEXIS 111998 (E.D.N.Y. 2018).

1

In response, Plaintiff advised the Court that the "membership chain includes as many as 30 entities potentially affecting [Plaintiff's] citizenship, including limited liability companies, individuals, corporations, one or more trusts, and a defined benefits plan." (DE 8.) As a result, Plaintiff now moves for leave to conduct "jurisdictional discovery" and stay the matter for 45 days because it does not currently have possession of all the names and citizenships of each member. Defendant did not file a response, although Plaintiff states Defendant opposes such request having conferred with Defendant's counsel. The Court directed the parties to appear for a conference to consider the application on this date.

In the interim, Defendant filed a letter motion for a pre-motion conference in anticipation of filing a Motion to Dismiss for lack of personal jurisdiction and improper venue, or to transfer the case to the Central District of California. (DE 9.)

Having considered the application and having heard argument of counsel, the Court grants Plaintiff's application for jurisdictional discovery, and respectfully recommends to the Hon. Joan M. Azrack that Defendant's pre-motion letter (DE 9) be held in abeyance until the limited jurisdictional discovery is complete so that the Court may determine whether this Court has subject matter jurisdiction over the matter.[3]

Defendant sought to avail itself of the federal court. As such, Defendant *and not* Plaintiff, bears the burden of establishing that the requirements for diversity jurisdiction have been met.[4] When a party removes a case to federal court, but fails to establish that the parties are completely diverse, the district court has two options: *one,* remand the case to state court

---

[3] For this reason too, it is respectfully recommended to Judge Azrack that Plaintiff be excused at this time from responding to the Defendant's pre-motion letter seeking dismissal and be directed to file a response later if the case proceeds.
[4] *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000), *citing United Food & Comm'l Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Sq., Inc.,* 30 F.3d 298 (2d Cir. 1994).

for failure to allege complete diversity of citizenship or failure to establish diversity through discovery, or *two,* exercise discretion to order further discovery to determine whether there is complete diversity of citizenship.[5] "Removal procedures seek a rapid determination of the proper forum for adjudicating an action."[6] In this case, limited jurisdictional discovery appears warranted and necessary for Defendant to determine whether true diversity exists.

Accordingly, on or before **August 25, 2021**, Plaintiff shall produce to Defendant a list of all known LLCs and members of the LLCs that comprise Sprout Mortgage, LLC.[7] That is, provide the identity of all known upstream members of the LLC. The deadline for Defendant to complete jurisdictional discovery as to the citizenship of Sprout Mortgage LLC is **September 30, 2021.** Plaintiff's application to stay the action for 45 days is granted to the limited extent that discovery other than the subject jurisdictional discovery is stayed until the Status Conference before the undersigned scheduled for **October 13, 2021**, with the parties to submit a joint letter on or before **October 11, 2021** advising of the outcome of the jurisdictional discovery.

Dated: Central Islip, New York  SO ORDERED:
August 17, 2021

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

---

[5] *Platinum-Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 618 (2d Cir. 2019).
[6] *Lupo v. Human Affairs Intern, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

[7] The parties indicated they intend to enter into a Confidentiality Stipulation which they will request the Court to "So Order." The proposed Confidentiality Stipulation and Order shall be filed with the Court on or before August 25, 2021.

3